IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| STEVEN REEVES TOWNSON and | ) | Case No. 12-02037-TOM-7 |
| DEBRA D. TOWNSON | ) | |
| | ) | |
| Debtors. | ) | |

| | | |
|---|---|---|
| THE FEDERAL DEPOSIT INSURANCE | ) | |
| COMPANY AS RECEIVER FOR | ) | |
| FRONTIER BANK, and FRONTIER | ) | |
| NATIONAL CORPORATION, | ) | |
| | ) | |
| Plaintiffs, | ) | A.P. No. 12-00140-TOM |
| vs. | ) | |
| | ) | |
| STEVEN REEVES TOWNSON and | ) | |
| DEBRA D. TOWNSON | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This adversary proceeding came before the Court on April 14, 2014, for hearing on the Motion for Summary Judgment filed by Debtors/Defendants Steven R. Townson and Debra D. Townson; the Joint Submission and Brief in Opposition to Defendants' Motion for Summary Judgment filed by the Federal Deposit Insurance Company as Receiver for Frontier Bank[1] and Frontier National Corporation; and the Defendants' Reply to Plaintiffs' Response in Opposition to Defendants' Motion for Summary Judgment. Appearing before the Court were David B. Anderson, counsel for Federal Deposit Insurance Corporation as Receiver for Frontier Bank; Shay Reynolds,

---

[1] Sometime after the original Complaint and Amended Complaint were filed by Frontier Bank and Frontier National Corporation, the FDIC was named as Receiver of Frontier Bank.

counsel for Frontier National Corporation; and Andre M. Toffel, Michael Guarino, and Donald H. Brockaway, Jr., counsel for Steven Reeves Townson and Debra D. Townson. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 151, and 157(a) and the District Court's General Order of Reference Dated July 16, 1984, as Amended July 17, 1984.[2] This is a core proceeding arising under Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(I).[3] This Court has considered the pleadings, arguments, the evidence, and the law, and finds and concludes as follows.[4]

## **FINDINGS OF FACTS**[5]

The allegations made by Plaintiffs in this adversary proceeding against the Debtors[6] are

---

[2] The General Order of Reference Dated July 16, 1984, As Amended July 17, 1984 issued by the United States District Court for the Northern District of Alabama provides:

> The general order of reference entered July 16, 1984 is hereby amended to add that there be hereby referred to the Bankruptcy Judges for this district all cases, and matters and proceedings in cases, under the Bankruptcy Act.

[3] 28 U.S.C. §157(b)(2)(I) provides:

> (b)(2)Core proceedings include, but are not limited to–
> . . .
> (I) determinations as to the dischargeability of particular debts[.]

[4] This Memorandum Opinion constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, applicable to adversary proceedings in bankruptcy pursuant to Federal Rule of Bankruptcy Procedure 7052.

[5] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of the contents of its own files. *See ITT Rayonier, Inc. v. U.S.*, 651 F.2d 343 (5th Cir. Unit B July 1981); *Florida v. Charley Toppino & Sons, Inc.*, 514 F.2d 700, 704 (5th Cir. 1975).

[6] The Amended Complaint filed by Plaintiffs named both Steven Reeves Townson and Debra D. Townson as defendants. The Motion for Summary Judgment filed by the Defendants was granted without objection, as noted on the record at the hearing on the Motion, as to Counts Two, Four, Five, and Six of the Amended Complaint. The remaining allegations in Counts One and Three pertain only to Steven Reeves Townson, leaving him as the sole defendant.

lengthy and complex. Debtor Steven Townson ("Townson") was formerly the senior executive officer and member of the Board of Directors of Frontier Bank ("Frontier Bank" or the "Bank") and Frontier National Corporation, the holding company for Frontier Bank. According to Plaintiffs, in 2001 or sometime thereafter Townson began to, among other things, use fraudulent means to cause Frontier Bank to extend loans to uncreditworthy borrowers. The Plaintiffs allege that Townson wanted to give Frontier Bank an appearance of prosperity so that the Bank and/or Frontier National Corporation could eventually be sold for a profit, with Townson himself profiting from the sale of his stock. Aside from allegations that Townson would profit from a sale of the Bank and/or Frontier National Corporation, the Plaintiffs allege that Townson did benefit from his fraud, including by receiving increased compensation without approval from the Board of Directors or the Compensation Committee, by receiving gifts from borrowers, and by having mortgage debt cancelled.

Plaintiffs allege that in order to carry out his plan Townson and his acquaintances would find borrowers to apply for loans regardless of their creditworthiness, and Townson would direct bank officers and employees to falsify documents and take other steps to ensure that the loans were approved. Plaintiffs claim that Townson refused to sign loan related documents in order to disguise his participation, leaving others to take the blame if his plan fell through. According to Plaintiffs, Townson attained the cooperation of Bank officers and employees through means of intimidation and threats, such as waiving a loaded gun at Bank employees and directors and making threats to kill. In support of its allegations, Plaintiffs claim emails from Townson evidence his fraud; for example, Plaintiffs allege that in the emails Townson directed loan officers "to remember that 'omitting information is not bad;'" to approve a borrower's construction of two spec houses although it would be putting "'good money after bad;'" and to put "'lipstick on the pig'" by creating false loan approval

3

forms. *Joint Submission and Brief in Opposition to Defendant's Motion for Summary Judgment*, AP Proc. 99 (filed under seal).

According to Townson, his only involvement in the loan approval process was through his position as a member of the Loan Committee. He contends that instead of attempting to hide the financial position of the Bank, he warned the Board of potential problems and FDIC regulatory actions. Townson asserts that Minutes of Meetings of the Bank's Board of Directors and of the Loan Committee, and other documents, refute the Plaintiffs' allegations. According to Townson a 2010 report of an FDIC examination of Frontier Bank, and an email clarification of the same, indicate that although the FDIC identified some problematic issues, there were no adverse findings with respect to the Board's controls over insider transactions, conflicts of interest, and parent/affiliate relationships. Townson asserts that Minutes of Meetings reflect that the Board expressed confidence in his ability to continue as CEO, and that he was encouraged to remain on the Board when he attempted to resign. Townson also claims that instead of attempting to increase his compensation and bonuses as alleged by the Plaintiffs, he actually reduced his compensation and forfeited retirement benefits, as evidenced by a Statement of Understanding with the Compensation Committee dated May 17, 2010. In addition, Townson contends that the Plaintiffs have taken "vague and ambiguous" phrases from his emails and interpreted them in ways he did not intend. To further illustrate that the Plaintiffs' allegations are without merit, Townson refers to an Opinion decided by Hon. Dwight H. Williams, Jr., Bankruptcy Judge for the Middle District of Alabama.[7] Judge Williams's Opinion was entered in an adversary proceeding by Frontier Bank against debtor

---

[7] *Frontier Bank v. Davenport (In re Davenport)*, AP No. 10-08009, BK No. 10-80102, 2011 WL 2533087 (Bankr. M.D. Ala. June 24, 2011) (Williams, J.).

Malcolm Clifton Davenport, one of the borrowers referenced in Plaintiffs' Amended Complaint filed in this adversary proceeding. According to Townson, "Judge Williams did not find any wrong doing on Mr. Townson's behalf nor did Mr. Davenport assert any ill advised benefits that Mr. Townson or the Bank received as consideration for Davenport loans." *Defendants' Motion for Summary Judgment*, AP Proc. 94 (filed under seal). Townson asserts that the Plaintiffs are alleging misconduct by him in order to collect upon a Travelers Financial Institution Bond providing coverage for employee dishonesty.

Townson's employment was terminated in January 2012. He filed his Chapter 7 bankruptcy petition on June 27, 2012, and this adversary proceeding was filed on September 24, 2012. By Order entered April 16, 2014, this Court granted Townson's Motion for Summary Judgment as to Counts Two, Four, Five, and Six. Only Counts One and Three remain for consideration.

## CONCLUSIONS OF LAW

Rule 56 of the Federal Rules of Civil Procedure[8] provides that

> [a] party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense - on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is not a genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56; *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining whether a summary judgment motion should be granted, the Court "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "'[T]he court must view all evidence

---

[8] Rule 56 of the Federal Rules of Civil Procedure is made applicable to adversary proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure.

and make all reasonable inferences in favor of the party opposing summary judgment.'" *Chapman v. Al Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc) (*quoting Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)). "'If reasonable minds could differ on inferences arising from undisputed facts, then a court should deny summary judgment.'" *See Miranda v. B & B Cash Grocery Store Inc.*, 975 F.2d 1518 (11th Cir. 1992) *(citing Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985). Once the moving party has satisfied its burden of proof by proving the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law, the burden shifts to the non-moving party to offer evidence of specific facts which prove the existence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112 (11th Cir. 1993).

## **COUNT ONE**

The Plaintiffs assert that Frontier Bank suffered a loss as a result of Townson's fraudulent activities, and thus Townson owes a debt that should be declared nondischargeable pursuant to 11 U.S.C. section 523(a)(2)(A). According to the Eleventh Circuit Court of Appeals, "the fraud exceptions to discharge exist to punish the debtor for committing fraud." *St. Laurent v. Ambrose (In re St. Laurent)*, 991 F.2d 672, 680 (11th Cir. 1993) (citation omitted). Section 523(a)(2)(A), one of the fraud exceptions to discharge, provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt -
> ...
>    (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by -
>       (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]

6

11 U.S.C. § 523(a)(2)(A). To obtain a determination that section 523(a)(2)(A) bars a specific debt from discharge, the creditor must prove that "'(1) the debtor made a false representation to deceive the creditor, (2) the creditor relied on the misrepresentation, (3) the reliance was justified, and (4) the creditor sustained a loss as a result of the misrepresentation.'" *Sears v. United States*, 533 Fed. App'x 941, 945 (11th Cir. 2013) (*quoting In re Bilzerian*, 153 F.3d 1278, 1281 (11th Cir. 1998)).

According to the Plaintiffs, Townson made misrepresentations and concealed facts so that Frontier Bank would make loans to "uncreditworthy" borrowers, thereby increasing the apparent value of Frontier Bank; as a result, Frontier Bank and/or Frontier National Corporation, and Townson's shares, could be sold at a profit. The Plaintiffs also allege that Townson's fraudulent acts resulted in other benefits to him such as the cancellation of mortgage debt, the receipt of gifts from borrowers, and continued receipt of a salary that increased from time to time without appropriate authorization from the Board of Directors or Compensation Committee. The Plaintiffs cite to emails from Townson and other documents as evidence of Townson's fraud.

Townson attempts to refute the allegations by pointing out that he took salary reductions and gave back retirement benefits as shown by a Statement of Understanding dated May 17, 2010. Townson also asserts that Judge Williams did not find evidence of wrongdoing by Townson in a separate adversary proceeding, to which Townson was not a party, filed by Frontier Bank against another debtor. While Townson may have taken actions that benefitted the Bank, i.e., voluntarily reducing his salary and retirement benefits, such actions do not preclude the possibility that Townson at other times acted in a fraudulent manner intended to deceive Frontier Bank, upon which Frontier Bank justifiably relied, resulting in a loss. With regard to Judge Williams's Opinion, Judge Williams may or may not have been presented with any evidence in that case to support the

7

Plaintiffs' claims against Townson in this case, especially considering that the other adversary proceeding focused on the actions of another debtor. The Court concludes that there are issues of material fact remaining and therefore it is inappropriate to dispose of this count on summary judgment. Therefore the Motion for Summary Judgment is due to be denied as to Count One.

## COUNT III

The Plaintiffs contend that Townson's actions resulted in a willful and malicious injury and therefore the debt owed by Townson is nondischargeable pursuant to section 523(a)(6). That section provides:

> (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt –
> . . .
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity[.]

According to the Eleventh Circuit:

> Section 523(a)(6) of the Bankruptcy Code excepts from discharge in bankruptcy "any debt ... for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). We have interpreted "willful" to require "a showing of an intentional or deliberate act, which is not done merely in reckless disregard of the rights of another." *Lee v. Ikner (In re Ikner)*, 883 F.2d 986, 991 (11th Cir.1989); *Chrysler Credit Corp. v. Rebhan*, 842 F.2d 1257, 1263 (11th Cir.1988). As used in section 523(a)(6), "malicious" means "'wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will.'" *In re Ikner*, 883 F.2d at 991 (*quoting Sunco Sales, Inc. v. Latch (In re Latch)*, 820 F.2d 1163, 1166 n.4 (11th Cir.1987)). Malice may be implied or constructive. *Id.* ("Constructive or implied malice can be found if the nature of the act itself implies a sufficient degree of malice."). In other words, "a showing of specific intent to harm another is not necessary." *Id.*

*Hope v. Walker (In re Walker)*, 48 F.3d 1161, 1163 - 64 (11th Cir. 1995) (footnote omitted). To have a debt declared nondischargeable pursuant to section 526(a)(6) a creditor must prove the injury was both willful and malicious. *Anglin v. Wallis (In re Wallis)*, AP No. 10-00010, 2011 WL 2357365,

8

at *9 - *10 (Bankr. N.D. Ala. Mar. 31, 2011) (*citing Vickers v. Home Indemnity Co. (In re Vickers)*, 546 F.2d 1149, 1150 (5th Cir. 1977)). Like many other circuits, the Eleventh Circuit Court of Appeals has adopted the approach that "willful" for purposes of section 523(a)(6) means the actor must have intended the actual injury, not just have intended the act that causes the injury. *Walker*, 48 F.3d at 1164.

The Plaintiffs allege that, among other things, Townson caused credit to be extended to "uncreditworthy" borrowers in an effort to disguise the true financial status of the Bank, and by doing so, caused a willful and malicious injury under Section 523(a)(6). The Plaintiffs contend that Townson used intimidation and manipulation of Bank employees and officers to get the loans approved. As evidence of their assertions against Townson, Frontier points to emails from Townson to loan officers remarking that "'omitting information is not bad'" and instructing them to "put some 'lipstick on the pig.'"

According to Townson, Loan Committee Minutes of Meetings demonstrate he had no role in deciding whether credit should be extended other than by being a member of the Loan Committee. Townson argues that other Minutes of Meetings evidence Frontier Bank's support of him and other Board members' unwillingness for him to resign from the Board of Directors. However, if Townson used intimidation and threats to make Frontier Bank officers and employees abide by his wishes, the Minutes would not reflect that Townson worked behind the scenes or that officers and employees took certain positions as a result of intimidation or threats. Townson contends that the email statements referred to by the Plaintiffs in support of its claims are "ambiguous and vague." By his own characterization of the statements as "ambiguous" Townson admits that the statements are subject to more than one interpretation. The Court may not resolve these issues of material fact on

9

summary judgment. Therefore, Townson's motion for summary judgment as to Count Three is due to be denied.

## CONCLUSION

The parties have made many more allegations than those addressed in this Memorandum Opinion and Order, but it is clear just from the allegations discussion herein that issues of material fact remain that would not be appropriately decided on summary judgment. Therefore, the Court finds that the Defendants' Motion for Summary Judgment as to Counts One and Three of the Plaintiffs' Amended Complaint is due to be denied. Accordingly, it is hereby

**ORDERED, ADJUDGED AND DECREED** that the Defendants' Motion for Summary Judgment is **DENIED** as to Count One of the Amended Complaint. It is further

**ORDERED, ADJUDGED AND DECREED** that the Defendants' Motion for Summary Judgment is **DENIED** as to Count Three of the Amended Complaint.

Dated: August 18, 2014

/s/ Tamara O. Mitchell
TAMARA O. MITCHELL
United States Bankruptcy Judge

TOM/dgm

xc:  Andre Toffel
     Michael Guarino
     Donald H. Brockaway, Jr.
     David B. Anderson
     Shay Reynolds